# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CONCEPCION,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1:18-cv-01743-JLT (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

Plaintiff, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516 (2002).

1

Plaintiff's allegations pertain to his efforts to obtain sex reassignment surgery ("SRS"). In the Complaint, Plaintiff checked the line to indicate that the process is completed and for his explanation of what happened at each level, Plaintiff wrote:

> "The final decision is the last step in the review process for SRS requests. No further actions are necessary nor is further exhaustion of internal appeals processes required as a condition to legal action by the patient" supplement to CCHCS/DHCS Care Guide: Gender Dysphoria May 24, 2016 version.

(Doc. 1, p. 2.) However, in the preceding line, Plaintiff indicated that he did not file an appeal or grievance concerning all of the facts alleged. (*Id.*) Plaintiff likewise fails to allege facts upon which to find that he has complied with all requirements of the review process for SRS requests referred to in his explanation.

Further, the California Department of Corrections and Rehabilitation has a generally available administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners welfare, Cal. Code Regs., tit. 15, § 3084, *et seq*. There is also a grievance system to address health care grievances/appeals. 15 CCR § 3087, *et seq*. Compliance with section 1997e(a) requires California state prisoners to use CDCR's grievance processes to exhaust their claims before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010). Plaintiff does not state any legal basis for the Court to find that "the review process for SRS requests" takes precedence over the health care grievance process provided for in § 3087, *et seq*. and the Court finds none. Nor does Plaintiff show compliance with § 3087, *et seq*. Thus, it appears Plaintiff filed suit prematurely without first exhausting available administrative remedies in violation of section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

///
///
///
///
///

Accordingly, **within 21 days,** Plaintiff **SHALL** show cause in writing why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. **Plaintiff is warned that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: **January 4, 2019**   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE