# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CONCEPCION,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | 1:18-cv-01743-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PRUEJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 3)**<br><br>**21-DAY DEADLINE**<br><br>**Clerk to Assign a District Judge** |

On January 4, 2019, the Court ordered the plaintiff to show cause within 30 days why this action should not be dismissed because of her failure to exhaust the available administrative remedies. (Doc. 3.) Her failure to exhaust the administrative remedies was apparent from the face of the complaint. Plaintiff has not responded.

In the order the Court warned the plaintiff that the failure to exhaust prior to filing suit is fatal to an action under § 1983. (Doc. 3.) As stated therein, the Prison Litigation Reform Act of 1995 requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing

1

suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of both the relief sought by the prisoner and regardless of offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002). This action must be dismissed without prejudice because of Plaintiff's failure to exhaust available administrative remedies prior to filing suit.

Accordingly, the Court **RECOMMENDS** that this action be dismissed, without prejudice, for the plaintiff's failure to exhaust available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). The Clerk of the Court is directed to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is informed that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **February 4, 2019**              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE