UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CONCEPCION,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | 1:18-cv-01743-LJO-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE AND GRANTING EXTENSION OF TIME TO FILE RESPOND TO THE FIRST SCREENING ORDER<br><br>(Doc. 10) |

On April 24, 2019, Plaintiff filed a motion (Doc. 10) seeking the appointment of counsel and an extension of time to file an amended complaint in response to the First Screening Order (Doc. 9). Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

1

the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits and, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.* However, Plaintiff's case presents somewhat novel legal issues which justify granting an extension of time to respond to the First Screening Order.

For the foregoing reasons, Plaintiff's motion filed on April 24, 2019 (Doc. 10), for the appointment of counsel, is **DENIED**, without prejudice, but his request for an extension of time to respond to the First Screening Order is **GRANTED**. Within **90 days** of the date of service of this order, Plaintiff **SHALL** file either a first amended complaint or other response to the First Screening Order.

IT IS SO ORDERED.

Dated: __**April 29, 2019**__             ___**/s/ Jennifer L. Thurston**___
                                                                             UNITED STATES MAGISTRATE JUDGE