UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL CONCEPCION (a/k/a/ MICHELLE CONCEPCION),<br><br>**Plaintiff,**<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>**Defendants**. | Case No.: 1:18-cv-01743-NONE -JLT<br><br>[~~PROPOSED~~] ORDER GRANTING REQUEST TO SEAL DOCUMENTS<br>(Doc. 47) |

Federal Rule of Civil Procedure 26(c) permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Presumptively, documents filed in civil cases are to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's

right of access. EEOC at 170.  In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

The plaintiff seeks to seal documents which describe the plaintiff's history related to his gender assignment and need for gender reassignment. Due to the nature of the document, redaction is impractical.  The information contained in the record is highly sensitive and is deserving of confidentiality. Thus, the Court finds a compelling need for the information contained in the record to remain private [1] and **ORDERS** Exhibit 1 to the Declaration of the Declaration of S. Chaiken (Doc. 46-1) to be **SEALED**.

IT IS SO ORDERED.

Dated:  **December 22, 2020**              /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Counsel are advised that this order does not preclude the Court from issuing orders on the public docket which discusses information contained in the sealed administrative record. On the other hand, the Court may issue orders under seal temporarily and give the parties an opportunity to recommend redactions for the public version of the order.  In this event, failing to recommend redactions may result in the Court docketing the full order, which would open the confidential information public review.