UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL (A/K/A MICHELLE) CONCEPCION,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>Defendants. | No. 1:18-cv-01743-NONE-JLT- (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>(Doc. Nos. 27, 49) |

Plaintiff Mychal (a/k/a Michelle) Concepcion, a transgender man seeking a sex-reassignment surgery ("SRS"), is a state inmate proceeding *in forma pauperis* in this civil-rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's first amended complaint ("FAC") against defendants California Department of Corrections and Rehabilitation ("CDCR"), California Correctional Health Care Services ("CCHCS"), Ralph Diaz,[1] J. Clark Kelso, Jeffrey Carrick, and Does 1-50 for violating plaintiff's Eighth and Fourteenth Amendment rights in connection with plaintiff's requested SRS. (Doc. No. 15.) On June 3, 2020, defendants
/////

---

[1] Plaintiff's claim against defendant Diaz was brought in his official capacity as secretary of the CDCR. (Doc. No. 15 ¶ 13.) On October 1, 2020, Kathleen Allison succeeded defendant Diaz as secretary. Therefore, the court will direct the Clerk of the Court to substitute Kathleen Allison as defendant for Ralph Diaz. *See* Fed. R. Civ. P. 25(d).

1

1 filed a motion to dismiss the complaint.  (Doc. No. 27.)   This matter was referred to a United

2 States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

3 On April 16, 2021, the assigned magistrate judge issued findings and recommendations

4 recommending that defendant's motion to dismiss be denied.  (Doc. No. 49.)  Those findings and

5 recommendations were served on the parties and contained notice that any objections thereto

6 were to be filed within twenty-one (21) days after service.  (*Id.* at 27.)  Defendants filed timely

7 objections on May 7, 2021, to which plaintiff filed a response on May 21, 2021.  (Doc. Nos. 50 &

8 53.)

9 Defendants first object to the magistrate judge failing to take judicial notice of facts

10 contained within their Exhibits 1 through 3.  (Doc. No. 53 at 8–9.)  The magistrate judge noted it

11 was unclear what specific facts from those exhibits defendants wanted the court to take judicial

12 notice.  Defendants' objections clarified that they seek judicial notice of the following facts

13 contained in those exhibits: "(1) on September 8, 2016, the SRSRC [(the Sex Reassignment

14 Surgery Review Committee)] recommended that Plaintiff's request for a bilateral mastectomy be

15 denied; and (2) on October 3, 2016, the HUMC [(the Headquarters Utilization Management

16 Committee)] denied Plaintiff's request for a bilateral mastectomy."  (Doc. No. 50 at 3.)  Plaintiff

17 opposes, arguing that taking judicial notice is an impermissible backdoor attempt by defendants

18 to litigate disputed facts.  (Doc. No. 53 at 8–9.)  However, those two particular facts are subject to

19 judicial notice.  *See Mack v. S. Bay Beer Distributors, Inc*., 798 F.2d 1279, 1281–82 & n.3 (9th

20 Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S.

21 104 (1991) (judicial notice was proper in reviewing an administrative board's records to

22 determine what matters the administrative board reviewed).

23 Defendants then object that because the CDCR approved plaintiff's subsequent request for

24 SRS, the magistrate judge incorrectly concluded that the case had not been rendered moot.  (Doc.

25 No. 50 at 3–4.)  The magistrate judge already considered these arguments.  (Doc. No. 49 at 12–

26 13.)  Even with the additionally noticed facts, the magistrate judge was correct in finding that

27 defendants have not established they have provided or approved all medically necessary care to

28 plaintiff.  The complaint is silent as to whether plaintiff requires only a bilateral mastectomy, (*see*

1  Doc. No. 15), and based on the evidentiary record before the court, defendants have yet to
2  provide plaintiff with SRS.

3  Defendants next object to the findings and recommendations on the grounds that
4  plaintiff's complaint is duplicative of claims presented in *Plata v. Newsom*, No. 4:01-cv-01351-
5  JST (N.D. Cal.). These objections are rehashes of defendants' argument before the magistrate
6  judge and fail to demonstrate any flaw in the reasoning set forth in the pending findings and
7  recommendations. Although defendants argue that the Ninth Circuit has barred claims
8  concerning medical care for CDCR prisoners seeking systemic relief, the magistrate judge
9  properly noted that only *duplicative* claims for systemic relief are so barred. (Doc. No. 49 at 23.)
10 Although plaintiff seeks systemic relief, defendants fail to establish that the systemic relief sought
11 by plaintiff here is duplicative of that sought by the plaintiffs in *Plata*. (*See* Doc. No. 50 at 4–6.)

12 Defendants next argue that plaintiff fails to state an Eighth Amendment claim for
13 deliberate indifference to serious medical needs because plaintiff alleges only a disagreement
14 between himself and his care providers. (*Id.* at 6.) Not so. *See Edmo v. Corizon, Inc.*, 935 F.3d
15 757, 786–92 (9th Cir. 2019) (where the trial court properly found that a plaintiff had established
16 that providing testosterone only was medically unacceptable and SRS was medically necessary,
17 rejecting prison officials' arguments that the matter was a mere disagreement among medical care
18 providers). The relevant facts the trial court found in *Edmo* are substantially identical to
19 plaintiff's allegations here. *See id.* at 803 ("[W]here, as here, the record shows that the medically
20 necessary treatment for a prisoner's gender dysphoria is [SRS], and responsible prison officials
21 deny such treatment with full awareness of the prisoner's suffering, those officials violate the
22 Eighth Amendment's prohibition on cruel and unusual punishment.").

23 Defendants also argue that plaintiff's equal-protection claims fail because he is not
24 similarly situated to non-transgender, or cisgender, individuals seeking the same surgery. The
25 magistrate judge reviewed these arguments and rejected them. The court agrees with the
26 magistrate judge's conclusion in this regard. *See also Harrison v. Kernan*, 971 F.3d 1069, 1075–
27 76 (9th Cir. 2020) (providing standards for determining what group is similarly situated to a
28 plaintiff's). Just as in *Harrison*, where a male inmate was similarly situated to female inmates of

the same security classification for purposes of a challenged prison policy, here too transgender inmates seeking SRS are similarly situated to cisgender inmates seeking the same types of surgeries. *See id.*

Defendants' objections concerning plaintiff's claim under the Affordable Care Act were also considered and rejected by the magistrate judge. Defendants point to no flaw in the magistrate judge's reasoning.

Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis as discussed herein. Accordingly,

1. The findings and recommendations issued on April 16, 2021, (Doc. No. 49), are adopted in full;
2. Defendants' motion to dismiss (Doc. No. 27) is DENIED;
3. The Clerk of the Court is directed to substitute Ralph Diaz with Kathleen Allison, in her capacity as Secretary of the California Department of Corrections and Rehabilitation; and
4. This action is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **August 9, 2021**                              /s/ Dale A. Drozd
                                                                            UNITED STATES DISTRICT JUDGE