UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL MACIAS (f/k/a MICHELLE CONCEPCION),<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1:18-cv-01743-NONE-JLT (PC)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br><br>(Docs. 61-62, 64) |

Defendants have filed a motion to stay the proceedings in this matter.[1] (Doc. 64.) Defendants state that "Plaintiff is scheduled for an initial consultation in October 2021 with an outside treating surgeon for his approved request for gender affirming surgery."[2] (*Id.* at 4.) Defendants argue that "the completion of Plaintiff's surgery would moot Plaintiff's injunctive relief claim for surgery," and thus a stay of these proceedings until such completion is appropriate. (*Id.* at 3.)

Plaintiff opposes Defendants' motion. (Doc. 70.) Plaintiff states that the "one pending 'approved' surgery, a bilateral reduction mammoplasty, . . . is inconsistent and inadequate to

---

[1] The Court finds the motion is suitable for decision on the papers pursuant to Local Rule 230(g). Accordingly, the hearing on the motion, set for November 1, 2021, is VACATED.

[2] In his complaint, Plaintiff refers to "gender affirming surgery" as "sex reassignment surgery" or "SRS." (*See, e.g.*, Doc. 15 at 2.)

treat" his gender dysphoria. (*Id.* at 7.) Plaintiff states that he seeks "all aspects of SRS that are medically necessary," and he claims that a stay in his matter would "worsen [his] emotional, mental, and physical state by adding more delays to the many years that [he] has waited for medically necessary treatment for his gender dysphoria." (*Id.* at 8-9.)

The Court finds that a stay is unwarranted. First, Defendants do not state that Plaintiff has been scheduled for surgery, only that he has received an "initial consultation." (Doc. 73 at 3.) Thus, it is unclear when Plaintiff will receive the approved surgery, and it is therefore uncertain how long Defendants' requested stay would last.[3] *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[g]enerally, stays should not be indefinite in nature") (citation omitted).

Second, as explained in the Court's Findings and Recommendations to Deny Defendants' Motion to Dismiss, "'Plaintiff's complaint is silent as to the specific surgical procedure . . . requested.'" (Doc. 49 at 13 [quoting Defs.' Mot. to Dism. 6].) "[I]n his complaint, Plaintiff generally requests 'medically necessary surgery' to treat his gender dysphoria," and "[n]othing before the Court indicates . . . that all necessary surgical procedures have been approved." (*Id.* [quoting Pl.'s First Am. Compl. 26].) Thus, the fact that Plaintiff has received approval for a bilateral reduction mammoplasty "does not 'establish[ ] that there is no effective relief remaining that the court could provide." (*Id.* [quoting *S. Oregon Barter Fair v. Jackson Cty., Oregon*, 372 F.3d 1128, 1134 (9th Cir. 2004)].) In other words, if the approved surgery were performed, it would not necessarily moot Plaintiff's claim for injunctive relief. *See Wild Wilderness v. Allen*, 871 F.3d 719, 724-25 (9th Cir. 2017).

Third, Plaintiff asserts that he would be harmed if a stay were granted, whereas Defendants do not make any countervailing showing of hardship. "'[I]f there is even a fair possibility that [a] stay . . . will work damage to some one else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp.*, 498 F.3d at 1066 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Plaintiff states that "since

---

[3] The Court notes that Plaintiff received the subject approval in July of 2020, fifteen months ago. (Doc. 73-2 at 2.)

[he] first requested SRS surgery in 2016, and three years since the filing of his complaint in 2018, [he] has suffered daily due to the Defendants' . . . failure to provide medically necessary treatment," and a "stay would . . . worsen [his] emotional, mental, and physical state by adding more delays." (Doc. 70 at 9.) Plaintiff thus shows a "fair possibility" of damage. Defendants, on the other hand, do not argue that they would face any hardship or inequity if a stay were not forthcoming; and, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Based on the foregoing, the Court DENIES Defendants' motion to stay the proceedings in this matter (Doc. 64).[4]

IT IS SO ORDERED.

Dated:   **October 26, 2021**              **/s/ Jennifer L. Thurston**
                                           CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] In addition to the present motion, Defendants filed near identical motions to stay on September 30, 2021 (Docs. 61-62). The Court DISREGARDS these motions as duplicative.